UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ALEXIS GIRALDO,

          Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

          Defendants.

NO. CIV. S-07-1335 FCD EFB

REMAND ORDER

----oo0oo----

This matter is before the court on plaintiff's emergency motion to remand this matter to the San Francisco Superior Court (Docket #8)[1] on the grounds that plaintiff's complaint alleges only state-law claims and lacks federal question jurisdiction on

---

[1] The court construes plaintiff's motion as an ex parte application for relief as plaintiff did not properly notice the motion. Due to the underlying trial proceedings, already underway but presently stayed by the superior court pending this court's review of plaintiff's motion, the court finds good cause to hear the motion on shortened time. Upon receipt of plaintiff's motion on July 9, 2007, the court directed defendants to file a response thereto by close of business on July 9, 2007 (Docket #13). Plaintiff thereafter filed a reply to defendants' opposition (Docket #16).

1

1   its face.[2]  Defendants oppose the motion, arguing removal was
2   proper as plaintiff seeks to apply federal standards under the
3   Eighth Amendment to the United States Constitution and 42 U.S.C.
4   § 1983 to her cruel and unusual punishment claim brought pursuant
5   to the California Constitution.  Defendants assert that by this
6   argument which plaintiff raised for the first time in her trial
7   brief filed June 21, 2007, plaintiff has brought a claim
8   "tantamount" to a Section 1983 claim, thus providing this court
9   with federal question jurisdiction over plaintiff's action.
10       The court summarily REMANDS this action to the San Francisco
11  Superior Court.  Defendants' removal is untimely.  Contrary to
12  defendants' suggestions, plaintiff first raised her argument
13  asking the state court to apply the "deliberate indifference"
14  standards under the Eighth Amendment to her claim under the
15  California Constitution in her motion for a preliminary
16  injunction filed March 19, 2007.  (Reply, Ex. B.)  Thus, even
17  assuming such circumstance could properly provide a basis for
18  removal (which it cannot), defendants' removal filed July 9, 2007
19  is clearly untimely.  28 U.S.C. § 1446 (requiring an action be
20  removed within 30 days after receipt of the first pleading in the
21  state action that sets forth a removable claim).  Moreover,
22  plaintiff does not allege a federal claim for relief; rather, she
23  asserts a claim of cruel and unusual punishment under the
24  *California* Constitution and a state law claim of intentional
25  infliction of emotional distress.  (Reply, Ex. A.)  Plaintiff

---

[2]    Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1 does not allege a claim pursuant to Section 1983 or any other
2 federal law.  (Id.)  Plaintiff's assertion of *an argument* that
3 the state court should apply federal standards to her claim under
4 the California Constitution does not transform her state
5 constitutional claim into a federal claim.  See Franchise Tax
6 Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28
7 (1983) (federal courts have jurisdiction to hear only those cases
8 where either "federal law creates the cause of action or [t]he
9 plaintiff's right to relief necessarily depends on resolution of
10 a substantial question of federal law").  Neither is true in this
11 case.

12    Therefore, this case is remanded to the San Francisco
13 Superior Court.  Plaintiff withdrew her request for sanctions in
14 her reply, and as such, the court does not consider whether
15 imposition of sanctions would be appropriate in this case.[3]
16    IT IS SO ORDERED.
17 DATED: July 10, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The court notes, however, that imposition of sanctions, as initially requested by plaintiff, pursuant to Fed. R. Civ. P. 11 would be procedurally improper under these circumstances. If sanctions were to be awarded, the proper vehicle is 28 U.S.C. § 1447(c).